UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICKY JOINER,

     Petitioner,

-vs-                                                  Case No.  6:12-cv-233-Orl-19KRS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

     Respondents.

_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12).  Petitioner filed a reply (Doc. No. 14) and an amended reply (Doc. No. 18) to the response.

Petitioner alleges one claim for relief in his habeas petition:  that the trial court erroneously denied him "credit for the time he spent at liberty while he was erroneously released from the Brevard County Jail in connection with his current incarceration."  *See* Doc. No. 1 at 5.

I.       *Procedural History*

Petitioner was charged by information with one count of robbery with a deadly weapon (count one) and one count of attempted robbery with a deadly weapon (count two).  Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to the lesser included offense of robbery as to count one and the State agreed to enter a *nolle prosequi* as to count two.  The State also agreed to a "cap of 10 years" as to the sentence.  The trial court held a hearing on the plea and ultimately accepted it.  Sentencing was set for April 7, 2008, and Petitioner was remanded with no bond.  However, Petitioner was released erroneously by the Brevard County Jail prior to sentencing, and he fled to North Carolina.

Petitioner failed to appear for sentencing, and a bench warrant was issued. Petitioner was eventually arrested in North Carolina on new charges and extradited back to Florida with regard to the instant case.  The case was again set for sentencing.  The trial court adjudicated Petitioner guilty of robbery and sentenced him to imprisonment for a term of eight years.  Petitioner was allowed a total of 398 as credit for time-served.  This credit for time-served did not include the time during which Petitioner was in North Carolina.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court, which was denied.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

*II.*      *Legal Standards*

*A.*      *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. Petitioner's Claim

Petitioner contends that the trial court erroneously denied him "credit for the time he spent at liberty while he was erroneously released from the Brevard County Jail in connection with his current incarceration." *See* Doc. No. 1 at 5.

This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir.

---

[1]In considering the "unreasonable application"inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

1982).  Since this claim is based exclusively on state law issues, it must be denied.

In addition, this claim fails on the merits.  Petitioner relies on *State v. Mendiola*, 919 So. 2d 471 (Fla. 3d DCA 2005), in support of his argument that the trial court erred in failing to give him credit for time-served while he was at liberty after being erroneously released from the Brevard County Jail.  In *Mendiola*, the defendant was sentenced to imprisonment for a term of forty years.[2]  However, the defendant was mistakenly released from prison long before his sentence had passed.   When the error was discovered, the State took the defendant into custody, and the State filed a motion to correct the sentence, which was granted in that the sentence was corrected to fifty years.  The defendant was also awarded credit for time-served during the period in which he had been erroneously released from prison.  The state appellate court, citing to *Waite v. Singletary*, 632 So. 2d 192 (Fla. 3d DCA 1994), agreed with the defendant's position that he was entitled to credit.  In *Waite*, the state appellate court determined that, when a prisoner is released from prison by mistake, the sentence continues to run while the prisoner is at liberty.

In the present case, Petitioner's reliance on *Mendiola* is misplaced.  Unlike the situation in *Mendiola*, Petitioner had not yet been sentenced, and he was released *prior* to the sentence being imposed.

Moreover, section 921.161, Florida Statutes provides that the trial court "shall allow a defendant credit for all of the time she or he spent in the county jail before sentence." *See*

---

[2]The plea agreement provided for a fifty-year sentence, but the trial judge mistakenly  entered a written sentence of forty years.

*also Mazza v. State*, 948 So. 2d 872 (Fla. 4th DCA 2007) ("Florida law allows credit only for time served in jail or the functional equivalent of jail prior to sentencing."). Here, Petitioner was not in jail or the "functional equivalent of jail" while at liberty in North Carolina.

Petitioner has not demonstrated that state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Ricky Joiner is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order,

**DONE AND ORDERED** in Chambers in Orlando, Florida, this _9th__ day of April, 2013.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
OrlP-2 4/9
Counsel of Record
Ricky Joiner

---

the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.